CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 2 6 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SETH JAYE CLARK, ) | |
|     Petitioner, ) | Civil Action No. 7:06CV00210 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| UNITED STATES OF AMERICA, ) | By: Hon. Glen E. Conrad |
|     Respondent. ) | United States District Judge |

Seth Jaye Clark, a federal inmate proceeding pro se, filed this action as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. Clark alleges, in part, that his attorney was constitutionally ineffective for failing to file a notice of appeal. The case is presently before the court on the government's motion to dismiss, in which the government argues that Clark waived the right to collaterally attack his conviction and sentence. For the following reasons, the court concludes that Clark's waiver of collateral-attack rights does not bar the claim that his attorney was ineffective for failing to file a notice of appeal. Thus, the court will deny the motion to dismiss as to this claim and direct the government to file a response on the merits.

### Background

On August 18, 2004, Clark and thirteen other defendants were charged in a thirty-four-count indictment returned by a grand jury in the Western District of Virginia. Count One charged Clark with conspiring to distribute fifty grams or more of a mixture or substance containing cocaine base, in violation of 21 U.S.C. § 846. Counts Three, Four, Six, Seven, Twenty, and Twenty-one charged Clark with possessing with the intent to distribute cocaine base, in violation of 21 U.S.C. § 841.

On November 22, 2004, Clark pled guilty to Count One of the indictment pursuant to a

written plea agreement. In this agreement, the government agreed to dismiss the remaining charges against Clark. The government also agreed to recommend a reduction for acceptance of responsibility, as well as a sentence at the low to middle range of the applicable sentencing guidelines. In exchange, Clark agreed to "waive [his] right to collaterally attack, pursuant to Title 28, United States Code, Section 2255, the judgment and any part of the sentence imposed upon [him] by the Court," as well as his right to appeal "sentencing guidelines issues." (Plea Ag. at 5-6). Clark was subsequently sentenced to a total term of imprisonment of 156 months. He did not appeal his conviction or sentence.

Clark filed the instant § 2255 motion on April 11, 2006. In one of his claims, Clark alleges that his attorney was constitutionally ineffective for failing to file a notice of appeal.[1] Specifically, Clark alleges that although he instructed his attorney to file a notice of appeal and the attorney promised Clark's mother that a notice of appeal would be filed, the attorney disregarded Clark's instructions and did not file the requested appeal. Additionally, Clark alleges that his attorney did not advise him that a notice of appeal had not been filed until after the time for filing an appeal had expired.

## Discussion

The respondent has moved to dismiss all of Clark's claims on the basis that Clark waived the right to collaterally attack his conviction and sentence. However, Clark's waiver of collateral-attack rights does not bar Clark's claim that his attorney was ineffective for failing to file a notice of appeal. This claim falls outside the scope of the waiver and must be addressed on

---

[1] Clark's additional claims are as follows: (1) his attorney was ineffective for failing to request a competency hearing and the court erred by failing to conduct a competency hearing sua sponte; (2) his guilty plea was not entered into knowingly or voluntarily; and (3) his attorney was ineffective for failing to investigate his mental history.

2

the merits. See United States v. Embree, 169 Fed. Appx. 761, 762 (4th Cir. 2006) (holding that Embree's waiver of collateral-attack rights did not bar the claim that his attorney was ineffective for failing to consult with him regarding an appeal, since the claim was analogous to the claim asserted in United States v. Attar, 38 F.3d 727, 732-33 (4th Cir. 1994), "where [the Court] held that the waiver of the right to appeal did not bar a claim concerning a complete lack of counsel during sentencing proceedings."). Therefore, the court will deny the government's motion to dismiss as to Clark's claim that his attorney was ineffective for failing to file a notice of appeal, and direct the government to address the merits of this claim within twenty days.[2]

## Conclusion

For the reasons stated, the government's motion is denied in part. The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This 26th day of January, 2007.

_____
United States District Judge

---

[2] Because Clark will receive another opportunity to file a direct appeal if the court ultimately rules in his favor, the court will reserve ruling on the government's motion to dismiss as to Clark's other claims. See United States v. Killian, 22 Fed. Appx. 300, 301 (4th Cir. 2001) (noting that when a district court grants a § 2255 motion due to counsel's failure to file a direct appeal, the district court should not address the merits of the petitioner's remaining claims, but instead dismiss those claims without prejudice).